IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CAROLINA RODRIGUEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 4:24-cv-00313-O-BP |
| | § | |
| OFFICER COTTON and | § | |
| CORPORAL AUGUSTUS GREEN, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the Complaint filed by Carolina Rodriguez on April 8, 2024. ECF No. 1. This case was referred to the undersigned for pretrial management on the same day. ECF No. 2. After reviewing the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** the case **without prejudice** pursuant to Federal Rule of Civil Procedure 4(m).

**I.    BACKGROUND**

On April 8, 2024, *pro se* plaintiff Carolina Rodriguez filed a complaint against Defendants, Officer Cotton and Corporal Augustus Green. ECF No. 1. Because she paid the filing fee, Rodriguez was responsible for serving the Defendants with a summons and a copy of the complaint in this case as provided by Rule 4(i) of the Federal Rules of Civil Procedure. In granting a Motion Extending Time to Effectuate Service on July 25, 2024, the Court ordered Rodriguez to properly serve the Defendants by August 15, 2024. ECF No. 7.

Rodriguez next filed proof of service in which a process server purported to serve "the summons on LT in plain clothes refused to ID who is designated by law to accept service of process on behalf of FWPD." ECF No. 10. On September 10, 2024, the Court found this attempt to serve

Defendants ineffective and *sua sponte* extended the deadline to effect service until October 9, 2024. ECF No. 11. On October 10, 2024, The Court then again *sua sponte* extended the deadline to effect service until October 24, 2024. Rodriguez next returned the summons as executed on October 15, 2024. ECF No. 13. The Court found this executed summons ineffective on October 17, 2024. ECF No. 14. Rodriguez next filed an executed summons form in which a process server purported to serve "Officer Malpass #4777 who is designated by law to accept service of process on behalf of Fort Worth Police Department Augustus Green [and Jentry Cottin]" on October 24, 2024. ECF No. 15. On October 25, 2024, the Court found this attempt to serve Defendants ineffective and reminded Rodriguez that failure to serve defendants by November 8, 2024, may result in a recommendation to dismiss the case under Federal Rule of Civil Procedure 4(c).

## II. LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 4(c)(1), "[a] summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." According to Federal Rule of Civil Procedure 4(m), a plaintiff has 90 days from the date she files her complaint in which to serve the defendants with a copy. If the plaintiff does not serve a defendant within that time, the Court must dismiss the case without prejudice or "order that service be made within a specified time." Fed. R. Civ. P. 4(m).

There are four ways to serve most defendants within a federal judicial district. Fed R. Civ. P. 4(e). Rule 4 does not directly authorize certified-mail service. *See* Fed. R. Civ. P. 4(e); *Starrett v. Lockheed Martin Corp.*, No. 3:17-cv-00988-D-BT, 2018 WL 1399177, at *4 (N.D. Tex. Mar. 9, 2018), *rec. adopted*, 2018 WL 1383398 (N.D. Tex. Mar. 19, 2018). However, Rule 4 permits service by "following state law for serving a summons in an action brought in courts of general

2

jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Because this Court is in Texas, Rodriguez may serve Officer Cotton and Corporal Green under Texas law. *Lucky v. Haynes*, No. 3:12-cv-2609-B, 2013 WL 3054032, at *3 (May 28, 2013), *rec. adopted*, 2013 WL 3054032, at *1 (N.D. Tex. June 18, 2013).

The Texas Rules of Civil Procedure permit service "by registered or certified mail, return receipt requested." Tex. R. Civ. P. 106(a)(2). The return receipt must contain the "addressee's signature." Tex. R. Civ. P. 107(c); *Keeton v. Carrasco*, 53 S.W.3d 13, 19 (Tex. App.—San Antonio 2001, pet. denied). Texas state courts and federal courts in Texas applying the Texas Rules of Civil Procedure for service have consistently found that service is defective when the return receipt does not contain the addressee's signature. *See*, *e.g., Bey v. Dominguez*, No. 2:20-CV-073-Z, 2021 WL 389220 at *1 (N.D. Tex. Jan. 27, 2021) ("Plaintiffs failed to effectuate service of process. Under Texas law, for mail delivery to constitute effective service, the return receipt must be signed by the addressee.") (citing *Keeton*, 53 S.W.3d at 19); *Ayika v. Sutton*, 378 Fed App'x. 432, 434 (5th Cir. 2010) (finding service was defective because defendants' signature did not appear on the return receipts); *Ramos v. Bluff Springs Food Mart, Inc.*, No. 1:22-CV-161-RP, 2022 WL 5013297 (W.D. Tex. Oct. 4, 2022) (finding service to be defective when addressee's signature was not displayed on the return receipt); *Am. Bankers Ins. Co. of Fla. v. State*, 749 S.W.2d 195, 197 (Tex. App.—Houston [14th Dist.] 1988, no writ) ("Failure of the officer to sign the return receipt renders the return fatally defective ..."); *Keeton*, 53 S.W.3d at 19 (holding service was defective where return receipt was not signed by addressee).

### III.   ANALYSIS

The record does not reflect that Rodriguez properly served the Complaint or Amended Complaint on the defendants as provided in Federal Rule of Civil Procedure 4(e). After the initial

ninety-day deadline expired, the Court ordered Rodriguez to show cause why her case should not be dismissed. ECF No. 5. Rodriguez responded with a Motion to Extend Time, which the Court granted, and ordered a new deadline of August 15, 2024. ECF Nos. 6,7. Rodriguez next returned an executed summons form on August 15, 2024. ECF No. 10. The Court informed Rodriguez by Order dated September 10, 2024, that she had not properly served defendants because she did not show that she served designated agents under Rule 4(e) and ordered service by October 9, 2024. ECF No. 11. The undersigned specifically warned Rodriguez that "if the Plaintiff does not properly serve the defendant with process by the deadline, the undersigned will recommend that the Court dismiss Plaintiff's case without prejudice under Fed. R. Civ. P. 4(c)." *See Id*.

Thereafter, Rodriguez did not comply with this deadline, and the Court extended the deadline to serve defendants until October 24, 2024. ECF No. 12. The Court warned her that if she did not "serve the Defendants with process by the deadline, the undersigned will recommend that the Court dismiss Plaintiffs' case without prejudice under Federal Rule of Civil Procedure 4(m)." *Id*. Rodriguez again returned an executed summons form on October 15, 2024. ECF No. 13. The Court again informed Rodriguez by Order dated October 17, 2024, that she had not properly served defendants because the defendants' missing signatures rendered the attempted service defective under Tex. R. Civ. P. 107(c) and ordered service by October 24, 2024. ECF No. 14. Once again, the undersigned explained to Rodriguez that she had not properly served the defendants under Federal Rule of Civil Procedure Rule 4(e). *See Id*.

Rodriguez returned another executed Summons form on October 23, 2024. *See* ECF No 15. The Court once again explained to the Defendant that she did not properly serve the defendants because she did not show that she served designated agents. *See* ECF No. 16. The Court *sua sponte*

4

extended the deadline to serve defendants until November 8, 2024. To date, Rodriguez has not shown another attempt at proper proof of service.

"In the absence of valid service of process, proceedings against a party are void." *Aetna Business Credit, Inc. v. Universal Décor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981). The plaintiff is responsible for having the summons and complaint served within ninety days of filing the complaint. Fed. R. Civ. P. 4(c)(1). If a defendant is not properly served within this period, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m); *see, e.g.*, *Thrasher v. City of Amarillo*, 709 F.3d 509 (5th Cir. 2013).

"When service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service." *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990). To establish good cause, a plaintiff must demonstrate "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Id.* (quoting *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985)) (emphasis omitted). When considering an extension of time to perfect service, the court "must first determine whether good cause exists. If good cause is present, the district court must extend time for service. If good cause does not exist, the court may, in its discretion, decide whether to dismiss the case without prejudice or extend time for service." *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996) (citing *Petrucelli v. Bohringer and Ratzinger, GmbH*, 46 F.3d 1298, 1305–06 (3d Cir. 1995)) (emphasis omitted).

Rodriguez did not serve the defendants within ninety days of filing the Complaint. The Court extended the deadline numerous times and warned Rodriguez of the consequences of failing to comply with the Court's order. But even with the additional time and despite the Court's

warning, she did not file proof of proper service or allege good cause for failure to effect timely service. Accordingly, the Court should dismiss her Complaint for failure to effect service in a timely manner.

## IV.     CONCLUSION

Because Rodriguez did not serve the defendants as required by law and as ordered by the Court, despite having multiple opportunities to do so, the undersigned recommends that Judge O'Connor **DISMISS** this case **without prejudice**.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

**SIGNED** on November 15, 2024.

_Hal R. Ray, Jr._
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE